Jane COOK, et al., Plaintiffs,

v.

EASY MONEY OF KENTUCKY, INC., et al., Defendants.

Civil Action No. 3:00CV–476–S.

United States District Court, W.D. Kentucky, at Louisville.

June 5, 2001.

John O. Morgan, Jr., Lexington, KY, Ellen Gail Friedman, Louisville, KY, for Plaintiffs.

David Andrews, Cullen C. Gault, Lexington, KY, J. Clarke Keller, James Wendell Taylor, Walter Blaine Early, III, Stites & Harbison, Lexington, KY, Brendan J. Shelvin, Lexington, KY, for Defendants.

## MEMORANDUM OPINION

SIMPSON, Chief Judge.

This matter is before us on the motion of the defendants, Easy Money of Kentucky, Inc. ("Easy Money"), David Greenberg, and Tami Vangorder, to dismiss the plaintiffs' Complaint[1] pursuant to Fed. R.Civ.P. 12(b)(6). *See* DN 5. The motion having been fully briefed, this matter is now ripe for our review.

## BACKGROUND

The plaintiffs allege that Easy Money is a business that provides two relevant forms of short-term cash loans to individuals: (1) the "check-cashing" method; and (2) the "deferral" method. The plaintiffs claim to have borrowed cash from Easy Money on several occasions using both the "check-cashing" and the "deferral" methods of borrowing. Both plaintiffs contend that these transactions occurred between 1997 and 1999.

In a "check cashing" transaction, the plaintiffs allegedly exchanged a personal check for cash from Easy Money. The amount of cash given to the plaintiffs was less than the amount for which the check was made out. According to the plaintiffs, Easy Money was aware that the amount for which the check was written exceeded the funds available in the plaintiffs' respective checking accounts. The parties allegedly agreed that the check would be held by Easy Money for approximately two weeks. At that time, Easy Money would either cash the personal check and retain the proceeds or would "roll over" the loan. These rollovers are the second type of allegedly illegal transactions, referred to by the plaintiffs as "deferral" transactions. Instead of cashing the check approximately two weeks after the "check-cashing" transaction, the plaintiffs contend that Easy Money also offered an option whereby the plaintiffs could defer Easy Money's presentment of the check to the bank on which it was drawn. By paying additional fees which corresponded to a percentage of the amount of cash loaned, the plaintiffs could delay presentment of the check by two weeks at a time.

The plaintiffs now claim that the above transactions, specifically the fees and interest charged by Easy Money, violated various federal and state statutes, as well as state common law. The plaintiffs claim that Easy Money:

(1) Violated the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*, and Regulation Z, 12 C.F.R. § 226 (Count I);

(2) Violated the Kentucky Disclosure of Financing Charges on Installment Credit Transactions Act, Ky.Rev.Stat. Ann. §§ 360.210 *et seq.* (Count II);

(3) Violated the Kentucky Interest and Usury Statute, KRS §§ 360.010 *et seq.* (Count III);

(4) Violated the Kentucky Consumer Loans Act, KRS §§ 288.410 *et seq.* (Count IV);

---

1. The claims brought against Easy Money were originally filed by the plaintiffs, Jane Cook and Barbara Maynard, separately. Pursuant to Fed.R.Civ.P. 42(a), the claims of both defendants were consolidated because of their substantial similarity. *See* DN 9. Therefore, we will address the defendants' arguments with respect to the claims of both plaintiffs, and we will refer to the consolidated complaint as "the plaintiffs' Complaint."

(5) Violated the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §§ 1961 *et seq.* (Count V);

(6) Violated the Kentucky Consumer Protection Act, KRS §§ 367.110 *et seq.* (Count VI); and

(7) Committed common law fraud (Count VII).

Easy Money now moves for dismissal of some of the plaintiffs' claims pursuant to Fed.R.Civ.P. 12(b)(6). Its arguments, and the plaintiffs' responses thereto, will be addressed below.

### STANDARD OF REVIEW

When considering a motion to dismiss, a district court must determine whether a reasonable jury could find for the plaintiff under any set of facts. *See Cheatham v. Paisano Publications, Inc.,* 891 F.Supp. 381, 384 (W.D.Ky.1995). In making this determination, the court will construe the complaint in the light most favorable to the plaintiff. *See Columbia Natural Resources, Inc. v. Tatum,* 58 F.3d 1101, 1109 (6th Cir.1995). Only when it appears beyond doubt that the plaintiff would be unable to recover under any set of facts that could be presented consistent with the allegations of the complaint will such a motion be granted. *See Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### DISCUSSION

**I. Truth in Lending Act and Regulation Z**

█ The Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), and Regulation Z, 12 C.F.R. § 226, require various disclosures concerning the terms and cost of consumer credit in order to promote its informed use and to prevent

its abuse. *See* 12 C.F.R. § 226.1(b). Whether the transactions which form the basis of the plaintiffs' claims are extensions of credit to which TILA and Regulation Z apply was unclear prior to March 31, 2000. On that date, the Board of Governors of the Federal Reserve System ("the Board") clarified Regulation Z's definition of "credit." The Board stated that:

> [c]redit includes a transaction in which a cash advance is made to a consumer in exchange for the consumer's personal check, or in exchange for the consumer's authorization to debit the consumer's deposit account, and where the parties agree either that the check will not be cashed or deposited, or that the consumer's deposit account will not be debited, until a designated future date.

12 C.F.R. § 226, Supp. I, Subpart A, comment 2(a)(14)–2.

Therefore, it is clear that the transactions alleged to have been consummated between the plaintiffs and Easy Money fall within the purview of TILA and Regulation Z. However, Easy Money argues that neither TILA nor Regulation Z applied to such transactions before October 1, 2000, six months from the date of the above clarification. With respect to this issue, the Board explained that:

> [b]ecause such a transaction falls within the existing statutory and regulatory definition of "credit," the comment does not represent a change in the law. Generally, updates to the Board's staff commentary are effective upon publication. Consistent with the requirements of [15 U.S.C. § 1604(d) ][2], however, the Board typically provides an implementation period of six months or longer. During that period, compliance with the publish-

---

**2.** 15 U.S.C. § 1604(d) states in relevant part that "[a]ny regulation of the Board, or any amendment or interpretation thereof, requiring any disclosure which differs from the dis-

closures previously required ... shall have an effective date of that October 1 which follows by at least six months the date of promulgation...."

ed update is optional so that creditors may adjust their documents to accommodate TILA's disclosure requirements. 65 Fed.Reg. 17129, 17130 (Mar. 31, 2000) (footnote supplied).

Courts defer to the Board's interpretation of rules and regulations implementing TILA "absent some obvious repugnance to the statute." *Anderson Bros. Ford v. Valencia,* 452 U.S. 205, 219, 101 S.Ct. 2266, 68 L.Ed.2d 783 (1981) (citing *Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980)). Discerning no such repugnance to TILA, we find that neither plaintiff has alleged that Easy Money extended credit to them after October 1, 2000 and that, therefore, those claims alleging violations of TILA and Regulation Z by Easy Money must be dismissed.[3] The defendant's motion with respect to Count I of the plaintiffs' Complaint will be granted.

## II. Kentucky Disclosure of Financing Charges on Installment Credit Transactions Act

■ The Kentucky Disclosure of Financing Charges on Installment Credit Transactions Act, KRS §§ 360.210–.265, .991, was repealed by 2000 Ky. Acts ch. 157, § 19, effective July 14, 2000. However, because the plaintiffs allege that the relevant transactions were consummated prior to the effective date of the statute's repeal, they may be entitled to recover under the statute. *See* KRS § 446.110 (stating that rights afforded by a statute that is later repealed are not diminished by that subsequent repeal). Nevertheless, the defendants argue that this claim must be dismissed because the statute does not provide for a private cause of action.

The statute at issue does not explicitly provide for a private cause of action. KRS §§ 360.210–.265 require creditors to make various disclosures similar to those required by their federal counterparts, TILA and Regulation Z. Only § 360.991 addresses the consequences of violating any of the substantive provisions of the statute. It states that "[w]hoever violates any provision of KRS 360.210 to 360.265 shall be punished by a fine of not more than five hundred dollars ($500) or by imprisonment for not more than six (6) months or both." KRS § 360.991.

Chapter 446 of the Kentucky Revised Statutes "establish[es] rules for construing, interpreting and applying the statutes enacted by [the General Assembly]...." *Alderman v. Bradley,* 957 S.W.2d 264, 267 (Ky.App.1997). KRS § 446.070 states that "[a] person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such a violation." This statute "was enacted to ensure that a person for whose benefit a statute was enacted may recover from an offender although the statute does not prescribe a civil remedy for violation." *Alderman,* 957 S.W.2d at 267 (citations omitted). While we have found no Kentucky authority applying the principle of KRS § 446.070 to KRS §§ 360.210–.265, we believe that a Kentucky court would conclude that a private cause of action exists. *See also In re Miller,* 215 B.R. 970, 974 (Bankr.E.D.Ky. 1997) (finding that a plaintiff stated a claim under KRS §§ 360.210–.265 in a civil proceeding). The plaintiffs are within the class of individuals protected by the Kentucky Disclosure of Financing Charges on Installment Credit Transactions Act and, if

---

**3.** Our sister court in the Eastern District of Kentucky similarly concluded recently that neither TILA nor Regulation Z applied to such transactions consummated prior to Oc- tober 1, 2000. *See Burden v. Check N–Go, Inc.,* No. 98–97, slip op. at 5–6 (E.D.Ky. Jan. 29, 2001).

sufficient facts are proven, may recover for the defendants' violation of that act.

Therefore, the defendants' motion to dismiss Count II of the plaintiffs' Complaint will be denied.

### III. Claims Against the Individual Defendants

In addition to Easy Money, the plaintiffs have named as defendants David Greenberg, Tami Vangorder, and "unknown individuals and entities" (hereinafter "the individual defendants"). The plaintiffs describe Greenberg and Vangorder as Virginia residents who are "the majority owners and managing officers of Easy Money" and who "organized, developed, controlled, and promoted the unlawful activities of Easy Money and profited therefrom." Compl. at ¶¶ 6, 7. The plaintiffs claim that the unknown individuals and entities "are doing business in Kentucky y[sic] organizing, developing, controlling, promoting, and directing the unlawful activities of Easy Money of imposing and collecting illegal and fraudulent loan charges and usurious interest from Cook." Compl. at ¶ 8. The defendants move to dismiss Counts II, III, IV, VI, and VII as to these individual defendants for failure to adequately allege facts which state claims against them.

After reviewing the Complaint, we find that the plaintiffs have satisfied their slight burden as to Counts II, III, IV, and VI. The fact that the plaintiffs have failed to identify a specific legal theory under which the individual defendants may be held liable is not fatal to the plaintiffs' allegations. *See, e.g., National Service Ass'n, Inc. v. Capitol Bankers Life Ins. Co., Inc.,* 832 F.Supp. 227, 230–31 (N.D.Ill. 1993) (noting that a complaint need not specify a correct legal theory to survive a motion to dismiss and that mere vagueness or lack of detail is not sufficient to justify a dismissal). The factual allegations set forth in the plaintiffs' Complaint are sufficient to adequately give the individual defendants notice of the claims made against them and the grounds upon which they rest. *See Conley v. Gibson, supra,* 355 U.S. at 47, 78 S.Ct. 99. Therefore, this aspect of the defendants' motion to dismiss will be denied with respect to Counts II, III, IV, and VI.

■ Count VII of the plaintiffs' Complaint alleges fraud against "the Defendants." Compl. at ¶¶ 83–84. The Complaint fails to plead with particularity facts which could support such an allegation against the individual defendants. *See Craighead v. E.F. Hutton & Co., Inc.,* 899 F.2d 485, 489 (6th Cir.1990). *See also In re Envoy Corp. Securities Litigation,* 133 F.Supp.2d 647, 659 (M.D.Tenn.2001) ("[W]here the fraud claims involve multiple defendants, the alleged fraudulent conduct of each defendant must be set forth separately or otherwise the complaint is legally deficient....."). Given the plaintiffs' failure to set forth the allegedly fraudulent conduct of each defendant separately, we will grant the defendants' motion to dismiss Count VII as to the individual defendants and will dismiss that claim without prejudice. *See Powell Duffryn Terminals, Inc. v. CJR Processing, Inc.,* 808 F.Supp. 652, 655–56 (N.D.Ill.1992) (holding that dismissal of the plaintiff's complaint for failure to state claim upon which relief may be granted was made without prejudice, where allegations were enough to create possibility that facts could demonstrate claim).

### IV. Racketeer Influenced and Corrupt Organization Act

In Count V, the plaintiffs allege that the individual defendants violated the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §§ 1961 *et seq.* ("RICO"). Specifically, the plaintiffs allege violations

of 18 U.S.C. §§ 1962(a) and (c). 18 U.S.C. § 1962(a) states that "[i]t shall be unlawful for any person who has received any income ... through [the] collection of an unlawful debt ... to use or invest, directly or indirectly, any part of such income, ... [in] the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962(c) states that "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in ... interstate ... commerce, to conduct or participate, directly or indirectly in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." The defendants move for dismissal of both of the plaintiffs' RICO claims.

## A. 18 U.S.C. § 1962(a)

█ § 1962(a) prohibits the use of income received through the collection of an unlawful debt in the establishment, operation, or expansion of any enterprise engaged in interstate commerce. In order to state a claim under § 1962(a), the plaintiffs must sufficiently allege, *inter alia,* that the defendants financed Easy Money with proceeds from the previous collection of unlawful debts. *See Newmyer v. Philatelic Leasing, Ltd.,* 888 F.2d 385, 396 (6th Cir. 1989). *See also Vemco, Inc. v. Camardella,* 23 F.3d 129, 133 (6th Cir.1994) (holding that the "plaintiffs could have been injured by the investment itself if the investment plan into which they put their money (i.e., the enterprise) was itself funded with monies from *prior* racketeering against *prior* victims").

Here, the plaintiffs have sufficiently alleged such an injury. *See* Compl. ¶ 73 ("[The individual defendants] received income from *prior* unlawful debt collections ... and used or invested the income ... to establish, operate, and expand the unlawful lending business of [Easy Money]

which was or is engaged in ... interstate commerce in violation of 18 U.S.C.1962(a). As a result, Plaintiff was injured.") (emphasis supplied). Therefore, the defendants' motion to dismiss that part of the plaintiffs' RICO claim which is based on the defendants' violation of 18 U.S.C. § 1962(a) will be denied.

## B. 18 U.S.C. § 1962(c)

█ § 1962(c) prohibits individuals employed or associated with an enterprise engaged in interstate commerce from participating in the conduct of such enterprise's affairs through the collection of unlawful debts. To state a claim under § 1962(c), a plaintiff must allege (1) the conduct (2) of an enterprise (3) through the collection of unlawful debts. *See Kenty v. Bank One, Columbus, N.A.,* 92 F.3d 384, 389 (6th Cir.1996). In the Sixth Circuit, the conduct element is satisfied for the purpose of a motion to dismiss if the plaintiff alleges that the individual defendant(s) participated in the operation or management of the enterprise. *See Stone v. Kirk,* 8 F.3d 1079, 1091 (6th Cir.1993).

█ In this case, the plaintiffs have sufficiently alleged that the individual defendants participated in the operation or management of the Easy Money, the alleged RICO enterprise. *See* Compl. ¶ 74. The defendants' argument that the individual defendants and Easy Money are not sufficiently distinct for the purposes of § 1962(c) ignores the Sixth Circuit's position that even the sole shareholder of a corporation may be sufficiently distinct from that corporation to satisfy § 1962(c). *See Fleischhauer v. Feltner,* 879 F.2d 1290, 1296–97 (6th Cir.1989); *VanDenBroeck v. CommonPoint Mortg. Co.,* 210 F.3d 696, 701 (6th Cir.2000). Just as a sole shareholder of a corporation may be sufficiently distinct from that corporation, so too may the alleged majority owners and managing

officers of Easy Money be distinct from Easy Money for the purposes of § 1962(c).

█ Also, "[i]t is elementary that a corporation alone can serve as an enterprise for purposes of RICO." *VanDenBroeck v. CommonPoint Mortg. Co.*, 210 F.3d 696, 700 (6th Cir.2000). Finally, the plaintiffs have sufficiently alleged the collection of unlawful debts on the part of the individual defendants. *See* Compl. ¶ 74. We find that these allegations sufficiently state a claim under 18 U.S.C. § 1962(c). Therefore, the defendants' motion to dismiss Count V of the plaintiffs' Complaint will be denied.

## CONCLUSION

For the reasons set forth above, we will grant in part and deny in part the defendants' motion to dismiss the plaintiffs' Complaint. Count I of the plaintiffs' Complaint will be dismissed with prejudice. Count VII will be dismissed without prejudice as to the individual defendants. In all other respects, the defendants' motion to dismiss will be denied.